ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JOSEPH M. LÓPEZ BENABE Y OTORS<br><br>Peticionarios<br><br>V.<br><br>MUNICIPIO DE LUQUILLO<br><br>Recurridos | KLCE202500342 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm. NSCI201600028<br><br>Sobre: DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la juez Brignoni Mártir, el Juez Ronda del Toro y la jueza Álvarez Esnard

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de mayo de 2025.

Comparece ante nos, Joseph M. López Bernabé ("el señor López") y Dinorah I. Sánchez Rivera ("la señora Sánchez"), en adelante, en conjunto, "la parte peticionaria", a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 12 de marzo de 2025 y notificada el 14 de marzo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Fajardo. Mediante la referida determinación, el tribunal declaró *No Ha Lugar* la "*Moción de Sentencia Sumaria*," presentada por la parte peticionaria. Todo, dentro de un pleito sobre daños y perjuicios instado en contra del Municipio de Luquillo.

Por los fundamentos que expondremos a continuación, *expedimos* el auto presentado, y con ello *revocamos* la determinación recurrida. En consecuencia, devolvemos el presente caso para la continuación de los procedimientos de conformidad con lo aquí resuelto.

**I.**

El 20 de enero de 2016, la parte peticionaria y la señora Jennie M. Erazo Rosario,[1] por sí y en representación de la Sociedad Legal de Bienes Gananciales, compuesta por ella y su esposo Ángel Figueroa Montezuma,

---

[1] Cabe señalar, que la causa de acción de la señora Jennie M. Erazo Rosario fue desestimada el 31 de mayo de 2022, por esta Curia, en el caso KLCE202200324.

presentaron la "*Demanda"* de epígrafe. En esencia, sostuvieron que son miembros activos del Partido Nuevo Progresista (PNP), y que debido a su afiliación política sufrieron de trato discriminatorio por parte del Alcalde del Municipio de Luquillo y otros funcionarios municipales.

En lo concerniente a la parte peticionaria, alegaron que el señor López trabajó por diecinueve (19) años para el Municipio de Luquillo con una ejecutoria laboral satisfactoria y alejada de sanciones. Argumentaron, que tras el señor López recibir amenazas de destitución y ser objeto de represalias, discrimen y acoso laboral, finalmente fue destituido del puesto de carrera que ocupaba. Especificaron, que el acto de represalia se produjo luego de que el señor López fuera citado por agencias administrativas para que participara de una investigación sobre la administración municipal. A su vez, sostuvieron que los actos de represalias incrementaron cuando el señor López presentó quejas sobre el discrimen por ideas políticas que promovió en su contra la administración municipal.

En el caso particular de la señora Sánchez, esgrimieron que ésta laboró por catorce (14) años para el Municipio de Luquillo. Arguyeron, que ocupó el puesto de carrera de Técnica Social en el Jardín de Envejecientes del municipio, antes de ser forzada a renunciar a dicho cargo. Plantearon, que su renuncia surgió luego de que fuera despojada de los deberes y funciones de su cargo, y tras ser objeto de actos de represalia. Sostuvieron que los actos de represalia ocurrieron luego de que la señora Sánchez presentara una serie de quejas en contra de su supervisora inmediata y la Directora de Recursos Humanos.

En virtud de lo expuestos, solicitaron al foro recurrido el pago de daños compensatorios; daños punitivos; reinstalación a los puestos de carrera; los ingresos dejados de percibir por el señor López y la señora Sánchez; el cese de acciones ilegales por parte del Municipio de Luquillo y sus funcionarios; costas; intereses; y honorarios de abogado.

En respuesta, el 14 de junio de 2017, el Municipio de Luquillo y sus funcionarios en su capacidad oficial, presentaron "*Contestación a la Demanda.*" En esta admitieron que el señor López y la señora Sánchez ocupaban los aducidos puestos de carrera. No obstante, negaron el haber afectado los derechos constitucionales de la parte peticionaria, a través de actos de represalias, hostigamiento o discrimen. Además, sostuvieron que desconocían las afiliaciones e ideas políticas de la parte peticionaria. También alegaron, que la destitución laboral del señor López estuvo justificada, puesto que abandonó su puesto de trabajo incumpliendo así con la normativa municipal. A su vez, arguyeron que la señora Sánchez renunció libre y voluntariamente a su cargo laboral. Al amparo de lo expuesto, solicitaron al foro recurrido que se declarara *No Ha Lugar* la "*Demanda.*"

Tras varias incidencias procesales que no son necesarias de pormenorizar, el 8 de enero de 2024, el foro recurrido emitió una "*Orden.*" Mediante esta, entre otras cosas, señaló el día 28 de junio de 2024 como la fecha de conclusión del descubrimiento de prueba del caso. Además, calendarizó la Conferencia con Antelación al Juicio para el día 9 de agosto de 2024.

Posteriormente, el 15 de marzo de 2024, la parte peticionaria presentó "*Moción Informativa y Solicitud de Orden.*" En síntesis, alegó que a pesar de sus esfuerzos había resultado infructuoso agilizar el descubrimiento de prueba. Ante ello, solicitó la intervención del tribunal para que el Municipio de Luquillo contestara los interrogatorios cursados; produjera la documentación solicitada; y provea una fecha para la toma de deposición del Alcalde de dicho municipio.

El 29 de abril de 2024, las partes presentaron "*Moción Conjunta e Informativa sobre Descubrimiento de Prueba.*" En lo atinente, informaron que coordinaron las fechas para la entrega de las contestaciones a interrogatorios y la aludida toma de deposición. Ante el incumplimiento del el Municipio de Luquillo en la contestación de los interrogatorios, el 13 de mayo de 2024, la parte peticionaria presentó "*Moción de Orden de Entrega*

*de Contestaciones a Interrogatorios.*" Mediante esta, solicitó la intervención del tribunal de instancia para que le ordenara al Municipio de Luquillo cumplir con el descubrimiento de prueba peticionado.

A su vez, el 13 de junio de 2024, la parte peticionaria presentó "*Segunda Moción Informativa sobre Descubrimiento de Prueba.*" En esta ocasión, la parte peticionaria informó su interés de deponer, dentro del término calendarizado para el descubrimiento de prueba, a la exdirectora de Recursos Humanos del Municipio de Luquillo y al exdirector de Auditoría de dicho municipio. Ante la dificultad para tomar la deposición de la exdirectora de Recursos Humanos, el 2 de agosto de 2024, el foro recurrido emitió una "*Orden.*" Mediante esta, ordenó a la referida exdirectora que compareciera a la toma de deposición, so pena de desacato.

Tras la toma de las deposiciones requeridas, el 16 de septiembre de 2024, la parte peticionaria presentó "*Solicitud Urgente para que se Expida Orden de Producción de Documentos.*" En esencia, sostuvo que las partes habían acordado unas fechas para la entrega de documentos, y que el Municipio de Luquillo incumplió con las referidas fechas. En vista de ello, solicitó al tribunal de instancia que le ordenara al Municipio de Luquillo cumplir con la entrega de la documentación solicitada. En atención de ello, el 26 de septiembre de 2024, el tribunal de instancia notificó una "*Orden.*" Mediante esta, ordenó al Municipio de Luquillo que entregara la documentación solicitada, so pena de sanciones económicas.

Así las cosas, el 4 de octubre de 2024, la parte peticionaria reiteró su petición de producción de documentos mediante "*Moción Informativa sobre Incumplimiento de Orden.*" Indicó, que el Municipio de Luquillo incumplió con el término concedido para la entrega de documentos, y que ello era un atraso para la realización del Informe de Conferencia con Antelación a Juicio.[2] Así pues, solicitó al tribunal de instancia que ordenara la referida entrega e impusiera sanciones.

---

[2] El 24 de octubre de 2024, las partes, presentaron "*Informe Preliminar entre Abogados.*" Surge de dicho informe, que la parte peticionaria **expresó su intención de presentar una moción de**

Posteriormente, el 11 de diciembre de 2024, la parte peticionaria presentó "*Tercera Moción sobre Producción de Documentos y/o Orden para que se Estipulen Hechos.*" En síntesis, adujo que el Municipio de Luquillo incumplió con el término de treinta (30) días acordado en el "*Informe Preliminar entre Abogados*" para entregar la documentación que le fue solicitada. **Ante ello, peticionó nuevamente la intervención del tribunal de instancia para lograr la culminación del descubrimiento de prueba del caso.** Cónsono con lo anterior, solicitó al foro recurrido que ordenara la entrega de la documentación que faltaba, so pena de que se dieran por estipulados los hechos relacionados a la referida prueba documental.

En atención de ello, el 27 de diciembre de 2024, el tribunal de instancia notificó una "*Orden.*" Mediante esta, ordenó al Municipio de Luquillo que entregara la documentación solicitada, so pena de sanciones económicas. Así las cosas, el 30 de enero de 2025, el tribunal de instancia notificó otra "*Orden.*" En esta ocasión, **concedió al Municipio de Luquillo un término final de veinte (20) días para culminar con el descubrimiento de prueba solicitado.** A su vez, le impuso a dicha parte una sanción económica "por el reiterado incumplimiento."

En la misma fecha de 30 de enero de 2025, el tribunal de instancia atendió mediante "*Orden*" la disputa existente entre las partes con relación a la comparecencia a juicio de un exalcalde del Municipio de Luquillo.[3] Mediante la referida "*Orden*" permitió la comparecencia de dicho testigo. Además, **les indicó a las partes que debían reunirse para tomarle deposición al testigo o para coordinar cualquier otro mecanismo de descubrimiento de prueba necesario**.

---

**sentencia sumaria luego de que el Municipio de Luquillo terminara de entregar la prueba documental que se le había solicitado**. **Por otro lado, el Municipio de Luquillo expresó que el caso se debía dilucidar en una vista en su fondo. A su vez, se desprende del referido informe que el Municipio de Luquillo comunicó que existían documentos que le faltaban por producir, los cuales entregaría en un plazo de treinta (30) días.** Véase, el apéndice de la parte peticionaria, pág. 104-159. La Conferencia Con Antelación a Juicio se celebró el 29 de octubre de 2024.

[3] Cabe destacar, que el Municipio de Luquillo impugno la referida "*Orden*" mediante un recurso de *certiorari*, presentado ante este Tribunal bajo la designación alfanumérica **KLCE20250400.**

El 19 de febrero de 2025, la parte peticionaria presentó senda

"*Moción de Sentencia Sumaria.*"[4] En apretada síntesis solicitó, al amparo

---

[4] Acompañó su petición con la siguiente prueba documental: "Primer Pliego de Interrogatorios, Solicitud de Producción de Documentos y Requerimiento de Admisiones" del Sr. Joseph López Bernabé al Municipio de Luquillo; "Contestación a Requerimiento de Admisiones" del Municipio de Luquillo al Sr. Joseph López Bernabé; "Notificación de Intención de Destitución y Formulación de Cargos;" "Evaluación de Expediente del Sr. Joseph López Bernabé; "Manual de Normas y Procedimientos de Medidas Correctivas y Acciones Disciplinarias – Orden Administrativa Núm. 02-2009;" "Tablas de Medidas Correctivas y Acciones Disciplinarias;" "Registro de Asistencia 2014" del Sr. Joseph López Bernabé;" "Certificación" emitida por el Departamento de Recursos Humanos del Municipio de Luquillo en fecha de 27 de febrero de 2015; "Notificación Enmendada Separación Permanente de Empleo y Sueldo" dirigida al Sr. Joseph M. López Bernabé; "Informe sobre Destitución en el Servicio Público;" "Solicitud de Licencia" del señor Joseph M. López Bernabé; "Certificado Médico" del señor Joseph M. López Bernabé; "Certification of Health Care Provide for Employee´s Serious Health Condition (Family and Medical Leave Act);" "Correo Certificado/ A la Mano" dirigido a la Sra. Ruth E. López Delgado; "WHISARD Compliance Action Report;" "Narrative Report of Investigation Conducted Under The Family and Medical Leave Act (FMLA);" "Deposición de la Sra. Ruth E. López Delgado;"

"Hoja de Evaluación del Personal del Municipio de Luquillo" de la Sra. Dinorah Sánchez del período de julio a diciembre del año 2012; "Hoja de Evaluación del Personal del Municipio de Luquillo" de la Sra. Dinorah Sánchez del período de enero de a junio del año 2012; "Solicitud de Licencia" de la Sra. Dinorah I. Sánchez Rivera del 2 de junio de 2014 al 16 de julio de 2014; "Solicitud de Licencia" de la Sra. Dinorah I. Sánchez Rivera del 18 de julio de 2014 al 17 de agosto de 2014; "Solicitud de Licencia" de la Sra. Dinorah I. Sánchez Rivera del 19 de agosto de 2014 al 24 de agosto de 2014; "Solicitud de Licencia" de la Sra. Dinorah I. Sánchez Rivera del 22 de agosto de 2014 al 22 de septiembre de 2014; Comunicación escrita suscita por Yarelix Pumarejo Torrens; "Registro de Asistencia 2014" de la Sra. Dinorah I. Sánchez Rivera; "Reclamación Extrajudicial por Daños a Causa de Discrimen por razones Políticas y Represalias" dirigida al alcalde del Municipio de Luquillo, Hon. Jesús G. Márquez Rodríguez; "Primer Pliego de Interrogatorios, Requerimiento de Admisiones y Solicitud de Producción de Documentos;" de la Sra. Dinorah I. Sánchez Rivera al Municipio de Luquillo;

"Contestación a Requerimiento de Admisiones" por el Municipio de Luquillo; "Notificación de Intención de Destitución y Formulación de Cargos" dirigida a la Sra. Dinorah I. Sánchez Rivera; "Notificación de Intención de Destitución y Formulación de Cargos – Sra, Dinorah I. Sánchez Rivera – 15 de octubre de 2014," dirigida al Hon. Jesús G. Márquez Rodríguez; "Notificación de Determinación de la Autoridad Nominadora" dirigida a la Sra. Dinorah I. Sánchez Rivera; Comunicación escrita del 4 de marzo de 2015, dirigida al Hon. Jesús G, Márquez Rodríguez y suscrita por el sr. Joseph M. López Bernabé; Comunicación escrita del 4 de marzo de 2015, dirigida al Hon. Jesús G, Márquez Rodríguez y suscrita por la Sra. Dinorah I. Sánchez Rivera; "Informe Final" de la Comisión de Auditoría sobre "Investigación de Acceso a Archivos del Network;" extractos de la "Deposición al Sr. Luis Rodríguez Charles;" Comunicación escrita del 17 de marzo de 2015, dirigida al Sr. Joseph López Bernabé y suscrita por el Hon. Jesús G. Márquez Rodríguez; "Informe Investigación Acceso a Archivos del Network;" extractos de la "Deposición al Sr. Luis Rodríguez Charles;" Comunicación sobre "Informe de Investigación Acceso a Archivos Network," dirigido al Hon. Cesar R. Miranda Rodríguez, a la Lcda. Zulma R. Rosario Vega y a la Hon. Yesmín M. Valdiviezo Galib, y suscrito por el Auditor Interino, Luis. R. Rodríguez Charles; extractos de la "Deposición al Sr. Luis Rodríguez Charles;" comunicación de la Oficina de Ética Gubernamental dirigida al Municipio de Luquillo; "Referido para Acción Disciplinaria;" extractos de la "Deposición al Sr. Luis Rodríguez Charles;" "Solicitud Reconsideración Caso 124-05-15;" extractos de la "Deposición al Sr. Luis Rodríguez Charles;" "Intención de Suspensión de Empleo y Sueldo" dirigida a la Sra. Dinorah I. Sánchez Rivera; extractos de la "Deposición de la Sra. Ruth E. López Delgado;" Comunicación escrita del 17 de agosto de 2015, dirigida al Hon. Jesús G. Márquez Rodríguez y suscrita por la Sra. Dinorah I. Sánchez Rivera; extractos de la "Deposición del Sr. Jesús G. Márquez Rodríguez (continuación);" extractos de la "Deposición al Sr. Luis Rodríguez Charles;"

Comunicación escrita dirigida al Comité de Reputación de Aspirantes al Ejercicio de la Abogacía; extractos de la "Deposición del Sr. Jesús G. Márquez Rodríguez (continuación);" Comunicación escrita del 10 de marzo de 2015, dirigida al Hon. Jesús G. Márquez Rodríguez y suscrita por el Sr. Joseph M. López Bernabé; "Certificación" del Sr. Joseph M. López Bernabé; Comunicación escrita del 20 de marzo de 2015, dirigida al Hon. Jesús G. Márquez Rodríguez y suscrita por el Sr. Joseph M. López Bernabé; "Certificación" del Sr. Joseph M. López Bernabé; Comunicación escrita del 21 de abril de 2015, dirigida al Hon. Jesús G. Márquez Rodríguez y suscrita por el Sr. Joseph M. López Bernabé; Comunicación escrita del 25 de mayo de 2001, dirigida al Sr. Joseph M. López Bernabé y suscrita por el entonces alcalde, Hon. José M. González Ortiz; "Memo" del Hon. José M. González Ortiz; Comunicación escrita del 28 de septiembre de 2001, dirigida al Sr. Joseph M. López Bernabé y suscrita por el entonces alcalde, Hon. José M. González Ortiz; extractos de la "Deposición al Sr. Luis Rodríguez Charles;" Comunicación escrita del 20 de noviembre de 2012, emitida por el Comité de Transición del Hon. Jesús G. Márquez Rodríguez y dirigida al entonces alcalde, Hon. José M. González Ortiz; "Registro de Asistencia 2012" del Sr. Joseph López Bernabé; "Informe Final del Proceso de Transición del Gobierno Municipal de Luquillo, sometido por el Comité de Transición entrante al Alcalde entrante, Hon. Jesús Márquez Rodríguez;" Comunicación escrita del 19 de mayo de 2014, dirigida al Sr. Joseph M. López Bernabé y suscrita por el Hon. Jesús G. Márquez Rodríguez; "Certificación Negativa;" extractos de la "Deposición de la Sra. Ruth E. López Delgado;" Escrito intitulado "El Director de Recursos Humanos municipal: un reto personal y profesional;" extractos de la "Deposición de la Sra. Ruth E. López Delgado."

de la Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1, la disposición sumaria del caso por no existir controversia sobre los hechos esenciales del pleito. Sostuvo, que es un hecho incontrovertido que el señor López y la señora Sánchez son un matrimonio que trabajó para el Municipio de Luquillo, y fueron despidos en virtud de las mismas infracciones. Aseveró, que dichas infracciones consistieron en abandono de trabajo, incumplimiento con la normativa municipal y expresiones difamatorias, lo que tuvo como resultado que el referido matrimonio fuera cesanteado. Además, argumentó que con anterioridad a dichas destituciones el aludido matrimonio fue objeto de actos de discrimen por ideas políticas, represalia y hostigamiento laboral. A tenor de las alegaciones expuestas, la parte peticionaria solicitó que se dictara sentencia sumaria a su favor, y en consecuencia se concedieran los remedios peticionados en la "*Demanda*."

Posteriormente, el 11 de marzo de 2025, el Municipio de Luquillo presentó "*Moción de Municipio de Luquillo, en Solicitud de Orden que Regule los Asuntos Pendientes*." En lo atinente, aseveró que el tribunal de instancia tenía para su consideración ocho (8) mociones, entre las cuales se incluía la "*Moción de Sentencia Sumaria*," presentada por la parte peticionaria. A tenor de ello, solicitó al foro recurrido que le concediera un término de sesenta (60) días para presentar su oposición a todas las mociones presentadas por la parte peticionaria.

Así pues, el 14 de marzo de 2025, el foro recurrido notificó la "*Resolución*" que hoy nos ocupa. Mediante esta, declaró *No Ha Lugar* la "*Moción de Sentencia Sumaria*," por incumplir con la Regla 36.1 de Procedimiento Civil, *supra.* Además, el referido foro expresó lo siguiente: "No habiéndose probado que exista justa causa para la presentación tardía, o por haberse presentado antes de que concluyera el descubrimiento de prueba, resulta innecesario revisitar ningún otro requisito, u analizar la **MOCIÓN DE SENTENCIA SUMARIA** en sus méritos."

En desacuerdo, el 26 de marzo de 2025 y el 28 de marzo de 2025, las partes presentaron mociones de reconsideración respecto a la "*Resolución*" notificada el 14 de marzo de 2025. Las referidas mociones fueron declaradas *No Ha Lugar*, por el foro recurrido, con notificación a las partes en la fecha de 4 de abril de 2025.

Aun en desacuerdo, en también fecha de 4 de abril de 2025, la parte peticionaria presentó de forma oportuna una "*Petición de Certiorari.*" En dicha petición, esbozó los siguientes señalamientos de error:

Erró el TPI al determinar que la Moción de Sentencia Sumaria de la parte peticionaria fue presentada tardíamente, en contravención de lo que dispone la Regla 36.1 de las de Procedimiento Civil.

Erró el TPI al determinar *motu proprio* que la Moción de Sentencia Sumaria de la parte peticionaria es prematura, sin que mediara solicitud de la parte promovida, en contravención de lo que dispone la Regla 36.6 de las Procedimientos Civil.

Erró el TPI al no cumplir con su obligación de realizar determinaciones de hechos en su resolución de 12 de marzo de 2025, en contravención de la Regla 36.4 de las de Procedimiento Civil.

En la misma fecha, la parte peticionaria presentó una "*Urgente Solicitud de Orden en Auxilio de Jurisdicción sobre Juicio a Celebrarse el Próximo lunes 7 de abril de 2025.*" El mismo 4 de abril de 2025, este Tribunal atendió la referida solicitud y declaró *Ha Lugar* la paralización de todos los procedimientos del caso que se dilucidan ante el foro recurrido. A su vez, le concedió al Municipio de Luquillo un término de diez (10) días para presentar su posición respecto al recurso de epígrafe.

En dicha fecha, el Municipio de Luquillo presentó "*Moción del Municipio de Luquillo, en torno a la Solicitud Urgente de Auxilio de Jurisdicción.*" Mediante esta, se allanó a la aludida "*Urgente Solicitud de Orden en Auxilio de Jurisdicción sobre Juicio a Celebrarse el Próximo lunes 7 de abril de 2025.*" A su vez, expresó su inconformidad respecto a la "*Resolución*" ante nuestra consideración, bajo el fundamento de que incumplía con la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4.

En cumplimiento con nuestra "*Resolución*" del 4 de abril de 2025, el 14 de abril de 2025, el Municipio de Luquillo compareció ante nos mediante

escrito intitulado "*Memorando del Municipio de Luquillo.*" Con el beneficio de la comparecencia de las partes, procedemos a disponer de la controversia ante nuestra consideración.

**II.**

**A.      Recurso de *Certiorari*:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos*

*Dorados et al*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar

todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *íd*. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B**.      **Sentencia Sumaria**:

La sentencia sumaria es un mecanismo procesal cuya función es permitir a los tribunales disponer parcial o totalmente de litigios civiles en aquellas situaciones en las que no exista alguna controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico*, Inc., 2025 TSPR 1; *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023); *León Torres v. Rivera Lebrón*, 204 DPR 20, 41 (2020); *Rodríguez Méndez, et als v. Laser Eye*, 195 DPR 769, 784 (2016).

Así pues, se dictará sentencia sumaria cuando las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hay u otra evidencia que obre en el expediente del tribunal, demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente. 32 LPRA Ap. V, R. 36.3 (e); *Consejo de Titulares del Condominio Millennium v. Rocca Development Corp.,* 2025 TSPR 6; *González Meléndez v. Municipio Autónomo de San Juan,* 212 DPR 601, 611-612 (2023). Así, el criterio rector al considerar la procedencia de un dictamen sumario es que no haya controversia sobre los hechos esenciales pertinentes, según alegados por las partes en sus respectivas solicitudes u oposiciones, y que solo reste aplicar el Derecho. *Rodríguez García v. UCA,* 200 DPR 929, 941 (2018). Esta determinación debe ser guiada por el principio de liberalidad a favor de la parte que se opone a que se dicte sentencia sumaria, para evitar la privación del derecho de todo litigante a su día en corte. *Ramos Pérez v. Univisión*, 178 DPR 200, 216-217 (2010).

Al examinar la procedencia de una solicitud de sentencia sumaria, los tribunales deben guiarse por las disposiciones de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1-36.7. La parte demandante

podrá presentar una moción de sentencia sumaria "en cualquier momento después de haber transcurrido veinte (20) días a partir de la fecha en que se emplaza a la parte demandada, o después que la parte contraria le haya notificado una moción de sentencia sumaria, pero no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba…" Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1.

Además, se evaluará que la moción de sentencia sumaria cumpla con lo establecido en la Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a). La precitada regla lee como sigue:

(a) La moción de sentencia sumaria se notificará a la parte contraria y contendrá lo siguiente:

(1) Una exposición breve de las alegaciones de las partes;
(2) los asuntos litigiosos o en controversia;
(3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;
(4) una relación concisa y organizada en párrafos numerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;
(5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y
(6) el remedio que debe ser concedido.

De igual modo, la parte promovida tiene derecho a presentar una contestación a la moción de sentencia sumaria. Conforme a la Regla 36.3(b) la referida contestación deberá ser presentada dentro del término de veinte (20) días a partir de su notificación y contendrá lo siguiente:

(1) lo indicado en los subincisos (1), (2) y (3) del inciso anterior;
(2) una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;
(3) una enumeración de los hechos que no están en controversia, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;
(4) las razones por las cuales no debe ser dictada la sentencia, argumentando el derecho aplicable.
32 LPRA Ap. V, R. 36.3(b).

Nótese, que la parte que se opone a una solicitud de sentencia sumaria no puede descansar meramente en sus alegaciones, sino que debe controvertir la prueba presentada con evidencia sustancial. Regla 36.3(c), *supra*; *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 677 (2018). Ello así, puesto que el mecanismo de adjudicación sumaria coloca sobre las partes, quienes conocen sus respectivas posiciones, el deber de identificar los hechos relevantes junto a la prueba admisible que los sostiene. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 433-434 (2013). Una vez presentadas las posturas de las partes, el tribunal analizará los documentos incluidos en ambas mociones y los que obren en el expediente del tribunal, y determinará si existe controversia sobre los hechos esenciales del pleito. *Bobé et al. v. UBS Financial Services*, 198 DPR 6, 21 (2017).

En los casos en que el tribunal decida no dictar sentencia sumaria sobre la totalidad del pleito, ni conceda todo el remedio solicitado o deniegue la solicitud de sentencia sumaria, y sea necesario celebrar juicio, el referido tribunal tendrá la obligación de exponer las determinaciones de hechos esenciales controvertidos y no controvertidos. Regla 36.4, *supra.* La exposición de determinaciones de hechos tiene la función de no relitigar los hechos que no están en controversia al momento de celebrarse la vista en su fondo. *Pérez Vargas v. Office Depot*, 203 DPR 687, 697 (2019), citando a Secretariado de la Conferencia Judicial y Notarial, *Informe de Reglas de Procedimiento Civil*, Tribunal Supremo de Puerto Rico, marzo de 2008, pág. 406.

De otra parte, al igual que el Tribunal de Primera Instancia, este Tribunal de Apelaciones se rige por la Regla 36 de Procedimiento Civil, *supra* y su jurisprudencia al determinar si procede o no una sentencia sumaria. Ello quiere decir que debemos realizar una revisión *de novo* y examinar el expediente de la manera más favorable a la parte que se opuso a la moción de sentencia sumaria en el foro primario, haciendo todas las inferencias permisibles a su favor. *Acevedo Arocho v. Departamento de Hacienda de Puerto Rico,* 212 DPR 335, 353 (2023)*; Meléndez González et*

*al v. M Cuebas*, 193 DPR 100, 118 (2015). Nuestra evaluación está limitada a la consideración de la evidencia que las partes presentaron ante el foro de primera instancia. Debemos revisar que los escritos cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra*. Además, verificamos si en realidad existen hechos materiales en controversia. Finalmente, de encontrar que los hechos materiales realmente están incontrovertidos, revisamos si la primera instancia judicial aplicó correctamente el derecho a la controversia. *Meléndez González et al. v. M. Cuebas, supra*, págs. 118-119.

**III.**

En esencia, la parte peticionaria sostiene que incidió el foro recurrido al concluir que la "*Moción de Sentencia Sumaria*" fue presentada a destiempo. Entiende que la referida solicitud cumplió con el término dispuesto en la Regla 36.1, *supra*, dado que el foro recurrido extendió el descubrimiento de prueba al concederle un plazo de veinte (20) días al Municipio de Luquillo para culminar el referido descubrimiento. A su vez, la parte peticionaria argumenta que la "*Resolución*" recurrida no cumple con los requisitos de la Regla 36.4, *supra*. En particular aduce, que el foro recurrido erró al no esbozar las determinaciones de hechos controvertidos e incontrovertidos que exige la precitada regla.

Por su parte, el Municipio de Luquillo se allanó al remedio solicitado por la parte peticionaria en el recurso de epígrafe, por lo cual solicitó la revocación del dictamen impugnado. Sostuvo, que la "*Moción de Sentencia Sumaria*" fue presentada de forma oportuna y que el tribunal de instancia incidió al no permitirle expresar su posición respecto a la referida moción. Además, alegó que la "*Resolución*" recurrida incumple con los requisitos de la Regla 36.4, *supra*.

Tras un examen de *novo* de la totalidad del expediente ante nuestra consideración, concluimos que a las partes les asiste la razón. Así pues, determinamos al amparo de la Regla 40, *supra,* expedir el auto de *certiorari* presentado. En consecuencia, *revocamos* la "*Resolución*" recurrida, y

devolvemos el caso para que la adjudicación de la "*Moción de Sentencia Sumaria*" cumpla con los requisitos dispuestos en la Regla 36 de Procedimiento Civil, *supra*.

Se desprende del precitado marco procesal las múltiples trabas que existieron para culminar el descubrimiento de prueba de este caso, el cual fue extendido por el foro recurrido. Muestra de la referida extensión, lo son las ordenes notificadas por dicho foro en fecha de 30 de enero de 2025. En una de ellas, le concedió al Municipio de Luquillo un término de veinte (20) días para culminar el descubrimiento de prueba solicitado por la parte peticionaria. En la segunda "*Orden,*" les permitió a las partes reunirse para coordinar la deposición de uno de los testigos. En la alternativa, les requirió que acordaran cualquier otro mecanismo de descubrimiento de prueba. Así pues, la "*Moción de Sentencia Sumaria,*" presentada el 19 de febrero de 2025, es un escrito que fue radicado en el tiempo requerido por la Regla 36.1, *supra*, puesto que aún no había culminado el proceso de descubrimiento de prueba.

Por otro lado, determinamos que les asiste la razón a las partes en los argumentos relacionados al incumplimiento del foro recurrido con las disposiciones de la Regla 36.4, *supra.* La "*Reso*lución" recurrida denegó la "*Moción de Sentencia Sumaria*," presentada por la parte peticionaria, por lo cual tenía que contener determinaciones de hechos controvertidos y no controvertidos, de conformidad con la Regla 36.4, *supra*. La inclusión de las referidas determinaciones es un requisito de carácter compulsorio no discrecional que los tribunales deben cumplir.

De otra parte, el tribunal de instancia expuso en la "*Resolución*" recurrida que el Municipio de Luquillo no había presentado oposición a la "*Moción de Sentencia Sumaria.*" Sin embargo, surge del expediente ante nos, que el 11 de marzo de 2025, el referido municipio solicitó a dicho tribunal una prórroga para oponerse a la aludida "*Moción de Sentencia Sumaria.*" No surge del referido expediente que el foro recurrido haya adjudicado dicha petición de prórroga. Ante ello, incidió el tribunal de instancia al adjudicar la "*Moción de Sentencia Sumaria*" sin antes emitir

una determinación sobre la aludida solicitud. Dicho accionar contraviene los requisitos de la Regla 36.3(b), *supra*, mediante los cuales se le extiende a la parte promovida el derecho de reaccionar a una moción de sentencia sumaria.

**IV.**

En virtud de lo expuesto, *expedimos* el auto de *certiorari* presentado y con ello *revocamos* la "*Resolución*" recurrida. En consecuencia, devolvemos el recurso al foro recurrido para la continuación de los procedimientos de conformidad con lo aquí resuelto. Entiéndase por ello, que el trámite y posterior adjudicación de la "*Moción de Sentencia Sumaria*" cumpla con los requisitos establecidos en la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1-36.7.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La jueza Álvarez Esnard concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones